# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00799-NJR |
| ERIN MEARS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff David Bentz, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint (Doc. 1) is subject to initial screening pursuant to 28 U.S.C. § 1915A to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Plaintiff has included in his Complaint a request for a preliminary injunction. (Doc. 1, p. 21). As requests for preliminary injunctive relief are by their nature time-sensitive, the Court will address that portion of the Complaint and rule upon it now. The Court will issue a screening order on the remainder of Plaintiff's claims at a later date.

### The Complaint

Plaintiff makes the following allegations as they pertain to his request for a preliminary injunction: Plaintiff has an extensive litigation history with various personnel at Menard. On March 30, 2018, Plaintiff saw Nurse Mears in the sick call line, and she refused to treat him. (Doc. 1, p. 9). Later, C/O Waller issued Plaintiff a false disciplinary ticket for intimidation or threats with regard to the interaction with Mears. (*Id.*) As a result of the ticket, Plaintiff was placed in segregation. (*Id.* at 9-12).

1

On April 3, 2018, Plaintiff went before the Adjustment Committee consisting of Brookman and Hart regarding the disciplinary ticket. (*Id.* at 12). Plaintiff requested that Brookman and Hart recuse themselves, as Plaintiff is suing them in a number of other cases, but the request was denied. He also made several evidentiary requests that were denied. (*Id.* at 12-13). Plaintiff alleges that this denied him due process and was done in retaliation for previous lawsuits. (*Id.*). He contends Brookman and Hart relied solely on the reporting officer's statement and found him guilty. (*Id.* at 13). He was confined to segregation for one month, which he alleges involved a variety of cruel and unusual conditions of confinement. (*Id.* at 10, 13).

Plaintiff requests a preliminary injunction requiring the Warden of Menard to do the following:

1. Expunge the disciplinary conviction described in the Complaint from Plaintiff's institutional records.

2. Prohibit Brookman and Hart from participating in any of Plaintiff's future disciplinary hearings due to bias.

3. Prohibit Walker from participating in Plaintiff's future disciplinary proceedings including investigations or hearings due to bias.

4. Stop investigating disciplinary tickets after a hearing.

5. Allow inmates access to personal property and documents before a disciplinary hearing to allow them an opportunity to present documents or other relevant materials at a hearing.

## **Discussion**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer

irreparable harm without the relief. *GEFT Outdoors, LLC v. City of Westfield,* 922 F.3d 357, 364 (7th Cir. 2019). If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction. *Id.* (quoting *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008)).

Here, Plaintiff has failed to demonstrate that he will suffer irreparable harm without relief. "An injury is irreparable for purposes of granting preliminary injunctive relief only if it cannot be remedied through a monetary award after trial." *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 703 (7th Cir. 2005). Speculative injuries do not justify preliminary injunctive relief, and "a plaintiff cannot obtain a preliminary injunction by speculating about hypothetical future injuries." *Id*. at 704–706.

Plaintiff points to no ongoing harm regarding the disciplinary charge at issue. He served the time in segregation more than a year ago. His bare assertions regarding Walker, Hart, and Brookman's alleged bias against him do not suggest anything more than speculative injury. He does not suggest that he is currently involved in any disciplinary investigations or hearings involving any of the three, or that he is likely to be in the future. Similarly, Plaintiff identifies no ongoing irreparable harm regarding denial of access to his personal property box before a disciplinary hearing. Finally, the Court is unable to make sense of Plaintiff's demand that the Warden stop investigating disciplinary tickets after a hearing. As such, Plaintiff has failed to show that a preliminary injunction is justified based on an irreparable harm which would be prevented.

## Disposition

For these reasons, Plaintiff has not demonstrated he faces a specific threat of immediate and irreparable injury or loss warranting the relief he seeks at this juncture. Accordingly, his request for a preliminary injunction is **DENIED without prejudice**. The Court will issue a

3

screening order on the remaining claims from Plaintiff's Complaint via separate order at a later date.

**IT IS SO ORDERED.**

**DATED: 7/24/2019**

										**NANCY J. ROSENSTENGEL**
										**Chief U.S. District Judge**