IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210, <br><br> Plaintiff, <br><br> v. <br><br> ERIN MEARS, <br> SUSAN KIRK, <br> HEATHER MCGEE, <br> J. LASHBROOK, <br> ALEX JONES, <br> BILL WESTFALL, <br> CLAY, <br> FRANK EOVALDI, <br> ROWELN, <br> WILLIAM SPILLER, <br> KENT BROOKMAN, <br> WHITEHOP, <br> DONALD LINDENBERG, <br> T. JONES, <br> JASON WALLER, <br> MR. MCGALLER, <br> WILLIAMS, <br> T. RICKERSON, <br> HAIL, <br> LESSING, <br> DERICK, <br> FRITCH, <br> CLUTTS, <br> B. MILES, <br> JASON HART, <br> MCGALLER, <br> JOHN HOOD, <br> BRANT, <br> MCCLELLAN, <br> CHITTY, <br> I. WILLIAMS, <br> GATZ, <br> ALPH, <br> D. ROBERT, <br> BROOKS, <br> J. SHEMEDY, <br> WILLIAMSON, | Case No. 19-cv-00799-NJR |

| | |
|---|---|
| MISS WALKER, | |
| DUMPSTER, | |
| GRIFFIN, | |
| DERRICK THREADGILL, | |
| MR. HANSON, | |
| J. HECHT, | |
| PATRICIA STEWART, | |
| C/O HAIL, | |
| C/O HANSON, | |
| JOHN/JANE DOE 1-46, | |
| CORRECTIONS OFFICER DOE, | |
| DR. SIDIQUI, | |
| MENARD CORRECTIONAL CENTER, | |
| and | |
| ILLINOIS DEPARTMENT OF | |
| CORRECTIONS, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff David Robert Bentz, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court dismissed the original Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. (Doc. 15). The Complaint was 95 pages against 93 defendants, which included a 30-page and 165-paragraph statement of claim, a 4-page request for relief, and nearly 60 pages of exhibits. The Court also found that the Complaint violated the rules of joinder by combining several unrelated grievances against different groups of defendants in a single document. FED. R. CIV. P. 18-21. Bentz was granted leave to amend in order to cure these deficiencies.

The First Amended Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner

complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**FIRST AMENDED COMPLAINT**

Bentz alleges the following: On March 30, 2018, he was seen in nurse sick call by Nurse Mears for chronic neck pain and swelling. (Doc. 22, p. 10). During the appointment, Mears disclosed Bentz's private medical issues to Correctional Officer Waller. She also told Bentz she would not do anything for him for "personal reasons." Mears instructed Waller to issue a false disciplinary ticket in retaliation for Bentz filing lawsuits. Waller issued him a disciplinary ticket for intimidation or threats, and he was moved from general population to solitary segregation. At segregation intake, he asked Nurse Kirk for medical care for his chronic pain, but Kirk refused to do anything. (*Id.*).

On April 3, 2018, Bentz went before the Adjustment Committee. (*Id.* at p. 11). Bentz requested that the Adjustment Committee members Brookman and Hart to recuse themselves on the basis of bias because he is suing them in another civil lawsuit, but his request was denied. At the hearing, Bentz was not allowed to enter a plea, make a statement of his version of the alleged events, or call witnesses. (*Id.*). The Adjustment Committee also did not produce evidence against Bentz, such as statements or incident reports, or meet the required standard of review or burden of proof necessary to find him guilty. (*Id.* at p. 11-12). Bentz received one month C-grade status, one month segregation,

and one month of commissary restrictions. (*Id.* at p. 12).

Between March 30, 2018, and April 30. 2018, Bentz was placed in punitive segregation in unconstitutional conditions. (*Id.* at p. 13-14). He was housed in dirty cells with toilets that leaked, feces and mold all over the floors and wall, and the lights left on all of the time. There was no running water to wash his hands. His mattresses had mold and mildew, and he was not given a pillow. He was denied hygiene items, cleaning supplies, a change of clothes, exercise, showers, writing supplies, access to the law library, and adequate meals. (*Id.*). During this period, he was also denied medical care for a skin rash and back and neck pain. He was sick for weeks. (*Id.* at p. 14).

On June 13, 2018, Bentz saw Dr. Siddiqui and requested medical care for his aggravated injuries. (*Id.* at p. 16). Dr. Siddiqui refused to do anything for him because he was not seeing Bentz for issues with his neck, teeth, left finger, right hand, skin rash, and chronic pain. (*Id.*).

## Discussion

Rule 8 of the Federal Rules of Civil Procedure sets forth general requirements for properly pleading claims in a Complaint. This rule requires a Complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is appropriately dismissed if it presents a "vague, confusing,

and conclusory articulation of the factual and legal basis for the claim and take[s] a general 'kitchen sink' approach to pleading the case. Such complaints frustrate Rule 8's objective: 'framing the issues and providing the basis for informed pretrial proceedings.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (quoting *Stanard*, 658 F.3d at 797-98) (internal brackets omitted).

The First Amended Complaint is significantly shorter than the original Complaint filed and provides a chronological description of the alleged events. Bentz still, however, brings his allegations against 96 defendants, 47 of which are unidentified staff at Menard. Not only does this large and impractical number of defendants make it difficult to discern what claims he is asserting against each defendant, but a number of his claims are "abstract recitations of the elements of a cause of action or conclusory legal statements." *See Brooks v. Ross,* 578 F. 3d 574, 581 (7th Cir. 2009). While some allegations are brought against a single defendant, others are generally asserted against large groups of individuals and fail to describe how each individual was personally involved in the alleged violation.[1] In addition to individually listing 47 unidentified John/Jane Doe defendants, Bentz separately labels one group of defendants as "unidentified John/Jane Does, et al." and asserts claims against this group of prison staff throughout the statement of claim. He also makes allegations collectively against "all" 95 defendants. (*See* Doc. 22,

---

[1] For example, *see* Doc. 22, p. 14 ("[P]laintiff personally informed, requested, or otherwise of the above conditions to be addressed, remedied, or otherwise of Defendants, on several countless occasions: LT. I/A William Spiller, C/O McGaller, C/O Williams, C/O T. Rickerson, C/O Taylor, C/O Dericks, C/O B. Miles, C/O McGable, C/O Williamson, C/O Tyson, C/O Fritch, C/O Clutts, LT. Kent Brookman, C/O Hart, Donald Lindenberg, C/O John Hood, C/O Brant, C/O McClellan, C/O Chitty, C/O Gatz, C/O I. Williams, C/O T. Alph, C/O Shemendy, C/O D. Robert, C/O Brooks, SGT. T. Jones, C/O Dumpster, Warden Lashbrook, LT. Whitehof, Assistant Warden Alex Jones, Frank Eovaldi, C/O Griffin, C/O Doe, John Doe Medical #8 (mental health), John Doe #10, John Doe #11, John Doe #12, John Doe #13, John Doe #14, John Doe #25, Jane Doe #26, John Doe #27, John Doe #28, John Doe #29, John Doe #30, John Doe #31, John Doe #33, John Doe #35, John Doe #36, John Doe #37, John Doe #40, John Doe #41, John Doe #42, John Doe #43, John Doe #44, John Doe #46, and unidentified John and Jane Does, et al.").

p. 19). To add to the confusion, Bentz brings claims against individuals not listed as defendants. He also uses alternate spellings of similar names (*e.g.* Derrick, Dericks, Hale, Hail, Hart, Jason Hart) and writes names twice in his list of defendants (*e.g.* Hale, Hanson, McGaller)—making it unclear if he intends to bring claims against separate individuals or one. Finally, the Court notes that Bentz attempts to bring claims against Menard Correctional Center and IDOC for implementing policies that have violated his constitutional rights. Both entities, however, are not subject to suit under section 1983. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are "persons" under § 1983").

Accordingly, the First Amended Complaint fails to satisfy the Rule 8 notice requirement because it lacks sufficient detail to put each individual defendant on notice of which claims are stated against him or her. *See* FED. R. CIV. P. 8(a); *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Bentz's kitchen sink approach of vaguely alleging that so many individuals have harmed him is contrary to the purpose of Rule 8. *See Thomson v. Washington,* 362 F.3d 969, 970–71 (7th Cir.2004) (a complaint must put the defendant on notice of the claims and the grounds they rest upon, along with "some indication ... of time and place."). Therefore, the Court dismisses the First Amended Complaint without prejudice and gives Bentz one final opportunity to pursue his claims.

When drafting a Second Amended Complaint, Bentz should keep in mind that although he may not know the name of individual defendants, he must make plausible allegations against individuals, describing the "who, what, why, where, and how" that

form the basis of the claim against that person. *See* FED R. CIV. P. 8(a)(2). Bentz will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that a group of Menard correctional officers and staff has violated his constitutional rights. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

## DISPOSITION

For the reasons set forth above, the First Amended Complaint is **DISMISSED without prejudice** for violation of Rule 8 of the Federal Rules of Civil Procedure. Bentz is **GRANTED** leave to file a "Second Amended Complaint" on or before **May 22, 2020**, if he wishes to pursue any claims in this case.

Should Bentz fail to file a Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal also shall count as a "strike" under 28 U.S.C. § 1915(g).

If he chooses to proceed with this action, it is strongly recommended that Bentz use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 19-cv-00799-NJR). An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Bentz must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review

pursuant to 28 U.S.C. § 1915A. The Clerk of Court is **DIRECTED** to provide Bentz with a blank civil rights complaint form.

Bentz is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Bentz files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Bentz is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, the Court finds that the First Amended Complaint was timely filed, and the Motion for Extension to Amend (Doc. 21) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:   April 24, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**