IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210, | |
| Plaintiff, | |
| v. | Case No. 19-cv-00799-NJR |
| ERIN MEARS, SUSAN KIRK, HEATHER MCGEE, J. LASHBROOK, ALEX JONES, BILL WESTFALL, CLAY, FRANK EOVALDI, ROWELN, WILLIAM SPILLER, KENT BROOKMAN, WHITEHOP, DONALD LINDENBERG, T. JONES, JASON WALLER, MR. MCGALLER, WILLIAMS, T. RICKERSON, HAIL, LESSING, DERICK, FRITCH, CLUTTS, B. MILES, JASON HART, MCGALLER, JOHN HOOD, BRANT, MCCLELLAN, CHITTY, I. WILLIAMS, GATZ, ALPH, D. ROBERT, | |

| | |
|---|---|
| BROOKS,<br>J. SHEMEDY,<br>WILLIAMSON,<br>MISS WALKER,<br>DUMPSTER,<br>GRIFFIN,<br>DERRICK THREADGILL,<br>MR. HANSON,<br>J. HECHT,<br>PATRICIA STEWART,<br>C/O HAIL,<br>C/O HANSON,<br>JOHN/JANE DOE 1-46,<br>CORRECTIONS OFFICER DOE,<br>DR. SIDIQUI,<br>MENARD CORRECTIONAL CENTER,<br>and<br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS,<br><br>                  Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff David Robert Bentz, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), commenced this action on July 23, 2019, alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court dismissed the original Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. (Doc. 15). The Complaint was 95 pages against 93 defendants, which included a 30-page and 165-paragraph statement of claim, a 4-page request for relief, and nearly 60 pages of exhibits. The Court also found that the Complaint violated the rules of joinder by combining several unrelated grievances against different groups of defendants in a single document. FED. R. CIV. P. 18-21. Bentz

was granted leave to amend in order to cure these deficiencies. The First Amended Complaint was due November 18, 2019. Bentz then filed a motion for an extension of time, which the Court granted. On December 17, 2019, Bentz filed another motion asking for more time to file the First Amended Complaint. Before the Court ruled on the motion, Bentz filed the First Amended Complaint on January 2, 2020, and the amended complaint was deemed timely filed. (*See* Doc. 23). The Court dismissed the First Amended Complaint pursuant to Rule 8 on April 24, 2020. While Bentz had pared down his statement of claim, he still brought allegations against 96 defendants, 47 of which were unidentified staff at Menard. Several of his claims were "abstract recitations of the elements of a cause of actions or conclusory legal statements," brought against individuals not listed as defendants, or alleged against all 96 defendants. (*Id.* at p. 5-6) (citations omitted). The Court determined that Bentz's kitchen sink approach of vaguely alleging that so many individuals have harmed him is contrary to the purpose of Rule 8.

Bentz was given a final opportunity to pursue his claims and granted leave to file a Second Amended Complaint by May 22, 2020. Additionally, Bentz was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. On May 15, 2020, Bentz requested additional time to file his amended complaint, and the motion was granted.

Now before the Court is Bentz's second motion for more time to file a Second Amended Complaint. (Doc. 26). He states that because Menard is currently on lockdown due to the COVID-19 pandemic, he does not have access to his legal storage and

documents necessary to identify the John Does and to add to his claims. Bentz claims that he also does not have access to the law library for research. As the Court has previously explained to Bentz, when filing a complaint, he needs only to provide a short and plain statement telling what each defendant did wrong. This does not require the identities of all the defendants or legal research. *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F. 3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."). The Court recognizes that Bentz is proceeding *pro se*, however, Bentz has been given ample time and opportunities to file a complaint that is in compliance with the Federal Rules of Civil Procedure. Accordingly, the motion is denied, and because the deadline has passed for filing an amended complaint, this action shall be dismissed with prejudice for failure to comply with a court order. (*See* Doc. 23).

For these reasons, the Second Motion for Extension of Time is **DENIED**. (Doc. 26). This action is **DISMISSED with prejudice**, based on Bentz's failure to comply with the Court's Order to file a Second Amended Complaint on or before June 30, 2020, (Docs. 23, 25), and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Bentz's three allotted "strikes" within the meaning of § 1915(g).

Bentz is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Bentz wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Bentz must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Bentz may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   July 2, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**